IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SENNCO SOLUTIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| MOBILE TECHNOLOGIES INC., | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Sennco Solutions Inc. ("Sennco") hereby demands a jury trial and alleges the following against Defendant Mobile Technologies Inc. (formerly Merchandising Technologies, Inc. and collectively "MTI"):

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §1 et seq., including 35 U.S.C. §271, which gives rise to the remedies specified under 35 U.S.C. §§281 and 283–285.

**THE PARTIES**

2. Plaintiff Sennco is an Illinois corporation with its principal place of business at 14407 Coil Plus Drive, Plainfield, Illinois.

3. On information and belief, Defendant MTI is a corporation organized and existing under the laws of the State of Indiana with has a principal place of business at 1050

NW 229th Avenue, Hillsboro, Oregon. As set forth in more detail below, MTI makes, sells, offers for sale, and/or uses security and merchandising systems for mobile electronics.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over MTI under 735 ILCS §5/2-209(a)-(c), among other bases, because MTI purposely avails itself to Illinois through sales activity directed to Illinois and product sales in Illinois.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b).

**BACKGROUND**

7. Since 2000, Sennco has developed and sold merchandising and security solutions for retail sales of mobile electronic devices and similar high-value, portable products sold in retail environments. Over the past 16 years, Sennco has been a leader in designing and manufacturing such security products. As the retail market shifts from cellular phones and cameras to smart phones, tablets, smart watches and activity trackers, retail security systems have likewise shifted from static displays to interactive tethered, electronic security devices. To overcome challenges presented by the shifting retail market, Sennco has made significant investments in the research, development, and manufacture of its security products for sale in the United States and elsewhere.

8. Starting in or around May of 2002 and again in February 2005, Sennco and MTI entered into a business relationship wherein Sennco supplied products to MTI on a contract basis. The relationship was initiated and continued with the execution of two mutual non-disclosure agreements, attached herein at Exhibit 1.

9. In 2008, 2009 and 2010, Sennco provided MTI with devices including cordwinders and self-centering bases of the type used for the secure display of mobile electronics.

10. In 2008, Sennco provided a prototype to MTI of an apparatus for securing, attaching and/or detaching a device to a fixture. A rendering of this prototype is shown below:



11. As of 2013, MTI no longer purchased such security and display devices from Sennco.

12. Starting in 2013, MTI released its own security and display line, called the Freedom Micro device. A brochure for this device is attached at Exhibit 2.

**THE PATENTS-IN-SUIT**

13. To protect its intellectual property resulting from its significant research and development investments, Sennco applied for and obtained numerous patents directed to various systems and methods for securing mobile devices. For example, Sennco's related patents include U.S. Patent Nos. 7,154,039 (the '039 Patent) and 9,303,809 (the '809 Patent and, collectively, the "Patents-in-Suit").

14. U.S. Patent No. 7,154,039 ("the '039 Patent"), titled "System and Method for Securing and/or Aligning a Device," was duly and legally issued by the United States Patent and Trademark Office on December 26, 2006. A true and correct copy of the '039 Patent is attached as Exhibit 3.

15. U.S. Patent No. 9,303,809 ("the '809 Patent"), titled "Apparatus, System and Method for Securing, Attaching and/or Detaching a Device to a Fixture," was duly and legally issued by the United States Patent and Trademark Office on April 5, 2016. A true and correct copy of the '809 Patent is attached as Exhibit 4.

16. Sennco is the assignee of all right, title, and interest in the Patents-in-Suit necessary to bring this suit for infringement.

**THE ACCUSED PRODUCT**
**MTI Freedom Micro Device**

17. The Freedom Micro is a security device having a base unit and a tether for securing electronic devices in a manner that permits interaction with the consumer and prevents theft or unauthorized removal.

18. MTI manufactures, sells and/or distributes the Freedom Micro and provides a User Guide for use of the product. A true and correct copy of the User Guide is attached as Exhibit 5.

19. MTI sells the Freedom Micro in the United States.

20. The following images from MTI's website at http://mobiletechinc.com/products/freedom-micro-phones/ show the Freedom Micro:





**Count I**

**Infringement of U.S. Patent No. 7,154,039**

21. Sennco incorporates by reference the allegations in paragraphs 1-20 as if fully set forth herein.

22. MTI has infringed and is infringing claims of the '039 Patent, including claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, and selling the Freedom Micro device.

23. Claim 1 of the '039 Patent is one representative claim of the '039 Patent and recites:

    1. A system for securing a device to a fixture, the system comprising:

    a housing having a first side and a second side wherein the first side is opposite to the second side wherein the first side of the housing has a recession extending inward with respect to the second side of the housing and further wherein the housing has an opening extending from the recession through the housing to the second side of the housing;

a cable having a length defined between a first end and a second end wherein the cable extends through the opening of the housing;

a retractable reel connected to the second end of the cable wherein the retractable reel is adjacent to the second side of the housing wherein the first end of the cable extends from the first side of the housing; and

a connector having a first side and a second side wherein the first side is opposite to the second side wherein the connector has walls defining an exterior surface wherein the first end of the cable is connected to the connector wherein the device connects to the first side of the connector wherein the recession is sized to receive the connector wherein the first end of the cable moves inward with respect to the housing and further wherein the opening in the housing aligns the connector with respect to the recession.

24. The Freedom Micro device is a system for securing a device to a fixture.

25. The Freedom Micro includes a housing with a recession and an opening in the recession.

26. The Freedom Micro includes a cable extending through the opening.

27. The Freedom Micro includes a retractable reel.

28. The Freedom Micro includes a connector having a first side and a second side wherein the device connects to the first side of the connector and the recession is sized to receive the connector as the cable moves inward with respect to the housing and further wherein the opening in the housing aligns the connector with respect to the recession.

29. In addition to its direct infringement, MTI is actively inducing others to infringe claims of the '039 Patent, including claim 1, in violation of 35 U.S.C. § 271(b).

30. MTI has knowledge of the '039 Patent and knowledge that the induced acts described below constitute infringement.

31. Despite MTI's knowledge of the '039 Patent and knowledge of Sennco's allegations of infringement, MTI is actively inducing others to use systems covered by one or more claims of the '039 Patent with the intent these others will infringe the '039 Patent.

32. MTI's customers are directly infringing claims of the '039 Patent, including claim 1, through their use of systems covered by these claims.

33. MTI instructs its customers to use the Freedom Micro in an infringing manner through user guides, marketing materials, and other instructions.

34. MTI provides its customers with materials, such as the documents attached as Exhibits 2 and 5, that depict and describe use of the Freedom Micro in a way that infringes the '039 patent.

35. MTI also performs and instructs others to perform infringing uses of the Freedom Micro in videos on its website. See, for example: "Freedom Micro for Phones," available at http://mobiletechinc.com/products/freedom-micro-phones/#video.

36. In addition to its direct infringement and inducement of others, MTI is contributing to infringement of claims of the '039 Patent, including claim 1, in violation of 35 U.S.C. §271(c).

37. Despite MTI's longstanding knowledge of the '039 Patent and its infringement thereof, MTI is contributing to the infringement of the '039 Patent by selling or offering for sale in the United States products that are used by others in systems covered by claims of the '039 Patent. Such products sold or offered for sale include the Freedom Micro and the Freedom Micro UM (High Theft). These products are material to practicing the '039 Patent, are especially made and/or adapted for use in infringing the '039 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

38. MTI has knowledge of the fact that its products, including Freedom Micro, are material to practicing the '039 Patent, are specifically made and/or adapted for infringement of the '039 Patent, and are not staple articles of commerce suitable for substantial noninfringing use.

39. The full extent of MTI's infringement is not presently known to Sennco. On information and belief, MTI has made and sold, or will make and sell, products under different names or part numbers that infringe the '039 Patent in a similar manner, for example the Freedom Micro UM (High Theft) device.

40. Sennco has suffered and continues to suffer damages as a result of MTI's infringement of the '039 Patent in an amount to be determined at trial.

41. MTI's infringement of the '039 Patent is causing irreparable harm for which Sennco has no adequate remedy at law unless MTI is enjoined by this Court. Under 35 U.S.C.

§283, Sennco is entitled to a permanent injunction against further infringement of the '039 Patent.

42. MTI's infringement of the '039 Patent is willful and deliberate.

**Count II**
**Infringement of U.S. Patent No. 9,303,809**

43. Sennco incorporates by reference the allegations in paragraphs 1-42 as if fully set forth herein.

44. MTI has infringed and is infringing claims of the '809 Patent, including claim 1, in violation of 35 U.S.C. §271(a) by manufacturing, using, offering to sell, and selling the Freedom Micro device.

45. Claim 1 of the '809 Patent, which is representative of the claims of the '809 Patent, recites:

> 1. An apparatus for securing a device, the apparatus comprising:
>
> a post having a top surface, a bottom surface and sides wherein the sides connect the top surface to the bottom surface to define an interior and further wherein the top surface has a hole;
>
> a connector;
>
> a cable having a length defined between a first end and a second end wherein the first end is attached to the connector wherein the second end is secured within the interior of the post and further wherein the cable extends through the interior and the hole of the top surface;
>
> a head unit having a top cover and a bottom cover that define an interior cavity wherein the head unit has an aperture that extends through the bottom cover and into the interior cavity wherein the head unit has a key hole that provides access to the interior cavity and further wherein the head unit is attached to the top surface of the post and the cable in a first position of the head unit wherein the connector and the first end of the cable

are adjacent to the hole of the top surface in the first position of the head unit wherein the connector inserts into the aperture in the first position of the head unit wherein the head unit is separated from the post and connected to the cable in a second position of the head unit wherein the first end of the cable and the connector are remote from the post in the second position of the head unit wherein the connector extends through the aperture in the second position of the head unit wherein the head unit is separated from the post and disconnected from the cable in a third position of the head unit wherein the first end of the cable and the connector are adjacent to the hole of the post in the third position wherein the connector protrudes from the hole in the third position;

      a spring connected to the interior cavity wherein the spring is adjacent to the aperture in the second position of the head unit and applies a force to the connector to engage the connector and to secure the connector within the interior cavity of the head unit in the first position of the head unit and in the second position of the head unit; and

      a key that extends through the key hole of the head unit and contacts the spring in the interior cavity of the head unit to move the spring in a direction away from the aperture and the connector, to disengage the spring from the connector and to disconnect the cable from the head unit.

46. The Freedom Micro device is an apparatus for securing a device.

47. The Freedom Micro includes a post having a top surface, a bottom surface and sides with a hole in the top surface.

48. The Freedom Micro includes a connector.

49. The Freedom Micro includes a cable having a first end attached to the connector and a second end secured within the post and through the hole in the top surface.

50. The Freedom Micro includes a head unit with an interior cavity and an aperture therein and further includes a key hole providing access to the interior cavity.

51. The Freedom Micro includes a spring connected to the interior cavity that applies a force to engage the connector and secure the connector within the interior cavity.

52. The Freedom Micro includes a key that contacts the spring to disengage the spring from the connector and disconnect the cable from the head unit.

53. In addition to its direct infringement, MTI is actively inducing others to use systems covered by one or more claims of '809 Patent with the intent that these others will infringe claims of the '809 Patent, including claim 1, in violation of 35 U.S.C. §271(b) for the same reasons discussed above in paragraphs 30-35.

54. In addition to its direct infringement and inducement of others, MTI is contributing to infringement of claims of the '809 Patent, including claim 1, in violation of 35 U.S.C. §271(c) for the same reasons discussed above in paragraphs 36-38.

55. The full extent of MTI's infringement is not presently known to Sennco. On information and belief, MTI has made and sold, or will make and sell, products under different names or part numbers that infringe the '809 Patent in a similar manner.

56. Sennco has suffered and continues to suffer damages as a result of MTI's infringement of the '809 Patent in an amount to be determined at trial.

57. MTI's infringement of the '809 patent is causing irreparable harm for which Sennco has no adequate remedy at law unless MTI is enjoined by this Court. Under 35 U.S.C. §283, Sennco is entitled to a permanent injunction against further infringement of the '809 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Sennco prays for the following judgments and relief:

(a) A judgment that MTI has infringed and is infringing the Patents-in-Suit;

(b) A permanent injunction against MTI and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert from infringing the Patents-in-Suit, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Patents-in-Suit; using or performing methods claimed in any of the claims of the Patents-in-Suit; inducing others to use and perform methods that infringe any claim of the Patents-in-Suit; or contributing to others using and performing methods that infringe any claim of the Patents-in-Suit, until the expiration of the Patents-in-Suit;

(c) An award of damages adequate to compensate Sennco for MTI's patent infringement, and if necessary an accounting to adequately compensate Sennco for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(d) An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(e) An order finding that this is an exceptional case and awarding Sennco its costs, expenses, disbursements, and reasonable attorneys' fees related to MTI's patent infringement under 35 U.S.C. §285 and all other applicable statutes, rules and common law;

(e) An order finding that MTI's infringement was willful and a corresponding award of treble damages in accordance with 35 U.S.C. §284; and

(f) Such other further relief, in law or equity, as this Court deems just and proper.

JURY DEMAND

Plaintiff respectfully demands a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: 12 October 2016

/kevin d erickson/
Kevin D. Erickson
Pauley Erickson & Kottis
2800 W. Higgins Road
Suite 365
Hoffman Estates, IL 60169
847.490.1400

Jeffrey Corso
John Cooney
Cooney Corso & Moynihan LLC
1311 Butterfield Road
Suite 308
Downers Grove IL 60515
630.336.7393
Attorneys for Plaintiff Sennco Solutions Inc.